IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY GORDON,

    Plaintiff,                    No. CIV S-05-2086 LKK DAD P

    vs.

MIKE HANSON,                    ORDER AND

    Defendant.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a county jail inmate confined in the Rio Cosumnes Correctional Facility in Elk Grove, California. Plaintiff is proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $10.00 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee of $10.00 from plaintiff's jail trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his jail trust account. Payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's jail trust account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by inmates who seek relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In such cases, the court must dismiss claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).  In addition, when a plaintiff is proceeding in forma pauperis, the court is required to dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim must be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint .  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes

the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff has sued a lawyer who was appointed to represent plaintiff in state criminal proceedings. Plaintiff claims that defendant Michael Hanson, a indigent criminal defense panel attorney appointed by the Sacramento County Superior Court, "never called, or contacted any witness in [plaintiff's] defense, . . . never did any investigation on his own, . . . hid exculpatory evidence," and misrepresented himself to plaintiff and the court. Plaintiff alleges that the defendant violated plaintiff's rights under state court rules and the Fourth, Fifth, and Sixth Amendments. Plaintiff seeks monetary compensation in the amount of $200,000.15.

The sole federal remedy for claims of illegal confinement and ineffective assistance of counsel in state criminal proceedings is by means of a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To the extent that plaintiff seeks damages for alleged ineffective assistance of counsel, plaintiff's claims are not cognizable. A prisoner may not seek damages under § 1983 for alleged illegal confinement unless he has

successfully established, through appropriate state or federal remedies, that the confinement is illegal. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

In addition, plaintiff's complaint fails to state a § 1983 claim against defendant Hanson because attorneys are not acting under color of state law for purposes of § 1983 when they serve as defense counsel in criminal proceedings. The Supreme Court has held that, "[a]lthough lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981) (quoting In re Griffiths, 413 U.S. 717, 729 (1973)). A defense attorney, whether privately retained, employed by the state as a public defender, or appointed, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. at 325. For this reason, plaintiff cannot sue defendant Hanson for damages in a federal civil rights action brought under 42 U.S.C. § 1983.

Plaintiff's complaint fails to state any federal claim that is cognizable in a § 1983 action against defendant Hanson. This action should therefore be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.00. All fees shall be collected and paid in accordance with this court's order to the Commander of the Sacramento County Jail filed concurrently herewith; and

IT IS RECOMMENDED that this action be dismissed without prejudice for failure to state a cognizable claim.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file

1  written objections with the court. A document containing objections should be titled "Objections
2  to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
3  objections within the specified time may, under certain circumstances, waive the right to appeal
4  the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: October 22, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

8  DAD:13
   jone0452.56